US DISTRICT COURT
DIVISION OF CENTRAL CA

FEE DUE

Norvell Andrew

v.

Warden USP Victorville

CAUSE No.

5:24-CV-00198-AB-AJR

## §2241 Habeas Corpus

Comes now Norvell Andrew pro se and in proper person (Pro Se). Ms. Andrew is a federal prisoner serving 180 months sentence where clerical errors in her sentence judgement is causing her to serve additional time that is not curable through F.B.O.P. Administrative Remedy process. Specifically the judgement fails to state credit for time served & specify the amount of time it should be which would be about 59 months from about February 8, 2010, to January 28, 2015. On about February 8, 2010, a federal indictment was issued on petitioner which held petitioner in jail when petitioner could bond out on state charges prior to federal indictment. Petitioner was detained by Federal Authorities & taken for sentence on September 19, 2011, at which time Federal Authorities were obligated to retain custody of me until I completed this sentence but instead turned me over to state custody making a Nunc Pro Tunc designation of the state facility being the place for me to serve my sentence. And therefore I'm due credit for all time served in official custody for which

for time served, I estimate credit for time served due to the F.B.O.P. erroneously denies me any of the sum 59 months except 5 days because the judgement fails to state these facts and there is nothing else traceable by pro se prisoner without a judgement to support her argument. It leaves prisoner no way to correct the clearly manifest injustice or miscarriage of justice. The U.S. Supreme Court in Rosales/Morales v U.S. (2018) explained that any additional jail or prison time served even a single day is a substantial burden on the prisoner. This court should consider that Ms. Andrews has already served some 9 years on this federal sentence and were she credited the 59 months for time served she would already have exceeded the maximum term of the sentence, which should have ended on about August 2023 not even considering half-way house & early release which she is also entitled to. Therefore to abate any further damages I humbly ask this court to grant this §2241 Habeas Corpus by rewarding the jail credit for time served, and stipulating that to be about 59 months from February 8, 2010 to January 28, 2015, and reasonably ask this court to consider issuing an order terminating the sentence and for Ms. Andrews immediate release. 28 USC 2243 the court may as law & justice requires.

RELIEF SOUGHT

1) I seek §2241 Habeas Corpus relief to be my rewarded the jail time credit for time served

3 TO STIPULATE TO BE ABOUT 59 MONTHS FROM FEBURARY 8, 2010 UNTIL JANUARY 28, 2015 AND/OR,

2.) THE COURT TO ISSUE AN ORDER TERMINATING THE SENTENCE & ORDERING MY IMMEDIATE RELEASE.

3.) I SEEK APPOINTMENT OF COUNSEL & A HEARING NECESSARY TO ADEQUATLY DEFEND THIS MOTION.

4.) I SEEK ANY OTHER RELIEF THE COURT DEEMS APPROPRIATE INCLUDED BUT NOT LIMITED TO DAMAGES & COMPENSATION

5.) PETITIONER WOULD ASK THAT HE COURT DOES NOT DEEM IT NECESSARY TO AWARD THE FULL 59 MONTHS. I ASK THAT THIS COURT AWARD PETITIONER JAIL TIME CREDIT FROM THE COUNTY JAIL FROM FEBURARY 8, 2010 UNTIL OCTOBER 18, 2011.

RESPECTFULLY,

Norvell Andrew
BY
1350304a
NORVELL ANDREW
USP VICTORVILLE
P.O. BOX 3900
ADELANTO, CA 92301

3 OF 3

Name: Roswell Baldwin
Reg #: 13303-040
United States Penitentiary
P.O. Box 3900
Adelanto, CA 92301

SN BERNARDINO CA 923
26 JAN 2024 PM 4 L

Legal Mail

Clerk of Court US District
Court
255 E. Temple ST
Los Angeles, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 29 2024
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY